UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SAMUEL ROOSEVELT JONES,            )
                                   )
       Plaintiff,             )   Case No. 1:10-cv-812
                                   )
v.                                 )   Honorable Paul L. Maloney
                                   )
UNKNOWN HOEKSTRA,                  )
                                   )   **MEMORANDUM OPINION**
       Defendant.             )
_____ )

       Plaintiff, a prisoner of the Michigan Department of Corrections, initiated this case in August 2010, at a time when he was incarcerated at the Bellamy Creek Correctional Facility, located in Ionia, Michigan. The gravamen of his *pro se* complaint concerned the psychiatric treatment provided by defendants for plaintiff's bipolar mood disorder. Plaintiff also alleged claims concerning other conditions of his confinement at Bellamy Creek. By opinion and order entered April 14, 2011, Chief Judge Paul Maloney dismissed all claims, except an Eighth Amendment claim against a defendant identified only as "Unknown Hoekstra." (Op. & Order, docket #s 14, 15).

       Thereafter, the United States Marshal Service attempted to serve the person identified by plaintiff as "Unknown Hoekstra," without success. The Deputy Marshal assigned to serve process discovered that Hoekstra was not employed by the Michigan Department of Corrections, but was a contract employee, for whom the Department of Corrections no longer had a forwarding address. (*See* Return of Service, docket # 19). Both the court and the Marshal Service continued efforts to identify and locate defendant Hoekstra. Ultimately, on September 23, 2011, the court ordered

plaintiff to provide sufficient information so that the United States Marshal could identify and serve process on Hoekstra.  (Order, docket # 20).  In response to the court's order, plaintiff filed two documents (docket #s 22, 23) containing only argument and accusation, but no information, not even a first name, that might be helpful in identifying the defendant.  In the meantime, the 120-day period allowed for service of process under Fed. R. Civ. P. 4(m) expired.

Plaintiff has since been transferred to the Baraga Maximum Correctional Facility, located in the Upper Peninsula of Michigan.  He has now filed with the court a document captioned "Supplemental Pleading" (docket # 24) which attempts to assert new claims against seventeen additional defendants, all of whom serve in the Baraga Facility.  Although the court has previously informed plaintiff that a supplemental pleading under Rule 15(d) may only be filed by leave of court (*see* Order, docket # 12), plaintiff submitted his supplemental pleading without leave of court.  By separate motion for change of venue (docket # 26), plaintiff seeks to transfer this action to the Northern Division of this court, in light of the new claims and new defendants identified in the supplemental complaint.

**Discussion**

Under Rule 4(m) of the Federal Rules of Civil Procedure, a defendant who is not served within 120 days after the complaint is filed should be dismissed without prejudice, unless the plaintiff shows good cause for the failure to make service.  The record shows that the United States Marshal Service has expended reasonable efforts to identify and serve the individual identified by plaintiff only as "Unknown Hoekstra."  Well more than 120 days has elapsed, and Rule 4(m) therefore requires dismissal of Hoekstra in the absence of a showing of a good cause.  Where

plaintiff is proceeding as a pauper, the district court bears the responsibility for issuing process to the United States Marshal, who must effect service "once the plaintiff has properly identified the defendants in the complaint." *Donaldson v. United States*, 35 F. App'x 184, 185 (6th Cir. 2002). Although service of process is out of the hands of an incarcerated plaintiff, under Sixth Circuit authority, it is the duty of the plaintiff to "properly identify" the defendant so that service can be made. In the present case, plaintiff has provided only a last name, which is obviously insufficient information for the Marshal Service to identify and serve the defendant. Plaintiff will therefore be required to show cause why defendant Unknown Hoekstra should not be dismissed from this case without prejudice.

Plaintiff will not be allowed to file his supplemental complaint which, as noted, can only be submitted with leave of court. The Sixth Circuit has long held that motions to file supplemental pleadings are within the discretion of the trial court. *See McHenry v. Ford Motor Co.*, 269 F.2d 18, 24 (6th Cir. 1959). Consequently, "there is no absolute right to expand the case" by supplemental pleadings; "the district court has substantial discretion either to permit or deny such a motion." *Chicago Reg'l Council of Carpenters v. Village of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011).

In the exercise of their discretion whether or not to allow supplementation, courts look to the interrelation of the proposed new claims with those already pending against the defendant. "There must be some relationship or linkage between the claims asserted in the original complaint and the supplemental claims." *Imelmann v. Mich. Dep't of Corr.*, No. 12-cv-10671, 2012 WL 2917514, at * 1 (E.D. Mich. July 17, 2012). "A court may deny leave to file a supplemental pleading where that pleading relates only indirectly, if at all, to the original complaint and the alleged

cause of action arose out [of] an entirely unrelated set of facts." *Nottingham v. Peoria*, 709 F. Supp. 542, 544 (M.D. Pa. 1988). Thus, leave to supplement may be denied if it would be fairer and more orderly to let the plaintiff raise the new claim in another lawsuit. *See Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1229 (11th Cir. 2008).

In the present case, the claims asserted in the proposed supplemental complaint have no relationship to the claim now pending before the court against defendant Hoekstra. The supplemental claims all arose years after the events alleged in the present complaint, they involve events occurring at the Baraga Facility, hundreds of miles away from the Bellamy Creek Facility, and they are asserted against seventeen new defendants, none of whom are alleged to be responsible for conditions of confinement at Bellamy Creek. Plaintiff is attempting to use a single lawsuit as an all-purpose vehicle to litigate unrelated claims against unrelated parties, arising years apart. If allowed, the supplemental complaint would merely add confusion, complexity, and expense to the present proceedings. If plaintiff wishes to pursue his new claims, he may do so by filing a new lawsuit in the Northern Division of this court, which is in a much better position to adjudicate the supplemental claims.

An order will be entered requiring plaintiff to show cause why the case against the only remaining defendant, Unknown Hoekstra, should not be dismissed without prejudice. The supplemental pleading will be stricken from the record.

Dated:  November 19, 2013           /s/  Joseph G. Scoville
                                    United States Magistrate Judge